1

2

3

4

5          UNITED STATES DISTRICT COURT

6          EASTERN DISTRICT OF WASHINGTON

7   STACY W. HARVISTON,

8                              Plaintiff,            NO:  2:14-CV-0266-TOR

9        v.                                          ORDER GRANTING DEFENDANT'S
                                                     MOTION FOR SUMMARY
10  CAROLYN W. COLVIN, Acting                        JUDGMENT
    Commissioner of Social Security
11  Administration,

12                           Defendant.

13          BEFORE THE COURT are the parties' cross-motions for summary

14  judgment.  ECF Nos. 12, 17.  Plaintiff is represented by Lora Lee Stover.

15  Defendant is represented by Diana Andsager.  The Court has reviewed the

16  administrative record and the parties' completed briefing and is fully informed.

17  While a hearing on Plaintiff's motion is set for September 14, 2015, the briefing in

18  this matter is complete and the Court sees no reason to delay its order.  For the

19  reasons discussed below, the Court grants Defendant's motion and denies

20  Plaintiff's motion.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1

JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g).  The scope of review under §405(g) is limited:  the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error."  *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012).  "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion."  *Id.* at 1159 (quotation and citation omitted).  Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance."  *Id.* (quotation and citation omitted).  In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation.  *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner.  If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record."  *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).  Further, a district

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 2

court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* at 1111. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409–10 (2009).

## FIVE-STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i),

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 3

416.920(a)(4)(i).  If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(b), 416.920(b).

If the claimant is not engaged in substantial gainful activities, the analysis proceeds to step two.  At this step, the Commissioner considers the severity of the claimant's impairment.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three.  20 C.F.R. §§ 404.1520(c), 416.920(c).  If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled.  *Id.*

At step three, the Commissioner compares the claimant's impairment to several impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  If the impairment is as severe as or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits.  20 C.F.R. §§ 404.1520(d), 416.920(d).

If the severity of the claimant's impairment does meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity."  Residual functional capacity ("RFC"),

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 4

defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past ("past relevant work").  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(f), 416.920(f).  If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and work experience.  *Id.*  If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).  If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits.  *Id.*

The claimant bears the burden of proof at steps one through four above. *Lockwood v. Comm'r of Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).  If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy."  20 C.F.R. §§ 404.1560(c), 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

ALJ FINDINGS

Plaintiff filed applications for disability insurance benefits and supplemental security income on January 26, 2011.  Tr. 258–65, 265–71.  Plaintiff's claims were denied initially and upon reconsideration.  Tr. 104–11, 112–21, 124–37, 138–51. Plaintiff requested a hearing before an ALJ.  Tr. 187–88.  Hearings were held on September 20, 2012, and January 13, 2013.  Tr. 46–67, 68–101.  The ALJ issued a decision on January 25, 2013, denying Plaintiff disability insurance benefits and supplemental security income.  Tr. 28–40.

The ALJ found Plaintiff met the insured status for disability benefits through September 30, 2010.  Tr. 30.  At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since January 1, 2006.  *Id.*  At step two, the ALJ found that Plaintiff had the following severe impairments:  dysthymic disorder, intermittent explosive disorder, personality disorder, and degenerative

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 6

joint disease of the lumbar spine.  *Id.*  At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment.  Tr. 31.  The ALJ then concluded that Plaintiff had the RFC

> to perform light work as defined in 20 CFR 404.1567(b) and
> 416.967(b) except the claimant can frequently kneel, crouch, or crawl.
> He can occasionally climb stairs, balance and stoop.  However, the
> claimant cannot climb ladders, ropes and scaffolds.  He can
> occasionally reach overhead bilaterally.  The claimant must avoid
> concentrated exposure to cold, vibrations and hazards.  In addition, he
> can understand, remember and carryout simple, routine, repetitive
> tasks.  The claimant can only have brief superficial interaction with
> the public and occasional, superficial interactions with coworkers.  He
> should deal with things rather than people.  Lastly, there would be
> episodic lapses in concentration, persistence and pace but the claimant
> would be able to maintain concentration, persistence and pace for
> two-hour intervals between regularly scheduled breaks.

Tr. 32.  The ALJ found, at step four, that Plaintiff was able to perform past relevant work as an electrical assembler.  Tr. 39.  On that basis, the ALJ concluded that Plaintiff was not disabled as defined in the Social Security Act.  *Id.*

The Appeals Council denied Plaintiff's request for review on June 16, 2014, making the ALJ's decision the Commissioner's final decision for purposes of judicial review.  Tr. 1–3; 42 U.S.C. §§ 405(g), 1383(c)(3); 20 C.F.R. §§ 416.1481, 422.210.

//

//

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 7

ISSUES

Plaintiff asserts generally that the record evidence does not support a finding that he is disabled.  ECF No. 12 at 8.  Specifically, Plaintiff raises two issues for review:  (1) whether the ALJ properly evaluated Plaintiff's RFC and (2) whether the ALJ presented a complete hypothetical to the vocational expert.  *Id.* at 8, 11–12.

DISCUSSION

A. RFC Evaluation

Plaintiff contends generally "that his physical and mental conditions pose limitations which affect his employability that were ignored by the ALJ when she found him to be capable of performing his past work as an electronics assembler."  ECF No. 12 at 11.  Specifically, Plaintiff argues that the ALJ failed to include three limitations in Plaintiff's RFC:  fatigue-induced limitations, pain limitations, and mental limitations.  *Id.*  The Court will evaluate each in turn.

In social security proceedings, a claimant must prove the existence of a physical or mental impairment with "medical evidence consisting of signs, symptoms, and laboratory findings."  20 C.F.R. §§ 416.908, 416.927.  A claimant's statements about his or her symptoms alone will not suffice.  20 C.F.R. §§ 416.908, 416.927.  Once an impairment has been proven to exist, an ALJ "may not reject a claimant's subjective complaints based solely on a lack of objective

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 8

medical evidence to fully corroborate the alleged severity of [the symptom]." *See*

*Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991) (en banc).  As long as the

impairment "could reasonably be expected to produce [the symptom]," the

claimant may offer a subjective evaluation as to the severity of the impairment.  *Id.*

at 344 (citation omitted).  This rule recognizes that the severity of a claimant's

symptoms "cannot be objectively verified or measured."  *Id.* at 347 (citation

omitted).

     However, an ALJ may conclude that the claimant's subjective assessment is

unreliable, so long as the ALJ makes "a credibility determination with findings

sufficiently specific to permit [a reviewing] court to conclude that the ALJ did not

arbitrarily discredit claimant's testimony."  *Thomas v. Barnhart*, 278 F.3d 947, 958

(9th Cir. 2002); *see also Bunnell*, 947 F.2d at 345 ("[A]lthough an adjudicator may

find the claimant's allegations of severity to be not credible, the adjudicator must

specifically make findings which support this conclusion.").

     First, Plaintiff contends that the ALJ failed "to acknowledge that Plaintiff's

physical condition causes him to require medication to control his symptomatolgy

[sic] which results in drowsiness."  ECF No. 12 at 11.  Plaintiff has pointed to no

aspect of the medical record that would support the alleged limitations caused by

his fatigue, nor has the Court found any support during its own independent review

of the record.  The only arguable support in the record for Plaintiff's alleged

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 9

1    fatigue-induced limitations is Plaintiff's own testimony.

2            Plaintiff testified at the January 2013 hearing that his medications make him

3    "more tired than normal."  Tr. 79.  He stated that he takes two naps a day that last

4    between an hour and a half and two hours.  *Id.*  However, Plaintiff was also asked,

5    "So when you say that the medication makes you more tired than normal, do you

6    feel that that limits you in any way?  Being more tired than normal?"  *Id.*  Plaintiff

7    responded, "No."  *Id.*

8            Conclusive on this issue, Plaintiff affirmatively indicated that his fatigue did

9    not limit him in any manner.  Tr. 79.  There is no evidence to support Plaintiff's

10    contention in his briefing that his fatigue interfered with his ability to perform

11    work activities.  Plaintiff's own testimony directly contradicts such limitations.

12    Because Plaintiff's fatigue was not shown to be a limitation on Plaintiff's ability to

13    do activities in a work setting, Plaintiff cannot show that the ALJ erred by

14    excluding Plaintiff's alleged fatigue from his RFC evaluation.  *See* 20 C.F.R.

15    §§ 404.1545(a)(1), 416.945(a)(1).

16            Second, Plaintiff contends the "ALJ ignored the effects of pain from his

17    physical impairments."  ECF No. 12 at 11.  To the contrary, the ALJ thoroughly

18    evaluated Plaintiff's allegations of pain.  *See* Tr. 33, 35–38.  The ALJ ultimately

19    concluded that the full extent of Plaintiff's alleged pain was not consistent with

20    physicians' observations and objective medical testing.  Tr. 38–39.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 10

For example, as noted by the ALJ, Dr. Antoine F. Tohmeh, an orthopedic specialist who examined Plaintiff, opined that objective testing did not explain Plaintiff's allegations of pain.  Tr. 38, 581.  The ALJ also noted the opinion of Dr. Darius Ghazi, who testified as an expert at Plaintiff's January 2013 hearing,[1] that while the medical record indicated that Plaintiff suffered from degenerative disc disease, Plaintiff's EMG studies were insignificant or inconclusive and could not support Plaintiff's allegations of pain.  Tr. 36–37, 73–75.  Ultimately, Dr. Ghazi opined that Plaintiff did not have significant problems with his back and could perform work with certain environmental restrictions.  Tr. 37, 73.

The ALJ gave significant weight to the opinions of both Dr. Tohmeh and Dr. Ghazi.  Tr. 37, 38.  Plaintiff does not dispute the weight assigned to these opinions.  Plaintiff also does not dispute the ALJ's adverse credibility determination, based upon Plaintiff's "activities of daily living, work history, and objective medical evidence," that Plaintiff's pain allegations are only partially credible.  Tr. 33, 37.  The ALJ set out a detailed and thorough examination of the record, conflicting medical opinions, and Plaintiff's credibility, and made specific findings regarding

---

[1] Dr. Ghazi also appeared at Plaintiff's September 2012 hearing, but had the wrong medical record before him and could not offer an opinion regarding Plaintiff's alleged disabilities at that time.  Tr. 53–56.

Plaintiff's allegations of pain and their effect on his functional capacity. Plaintiff

objects to no specific part of the ALJ's analysis and has shown no error.

Finally, Plaintiff contends the ALJ ignored "the limitations regarding his

mental impairments which affect concentration, persistence and pace and his

ability for social interaction as opined by Dr. Rosenfeld (sic)." ECF No. 12 at 11.

However, the ALJ expressly considered—and accepted—the limitations opined by

Dr. Ellen Rozenfeld, who testified as an expert at Plaintiff's September 2012

hearing. Tr. 36, 37 (curriculum vitae at 219–21).

At the hearing, Dr. Rozenfeld opined that Plaintiff had a mild limitation with

regards to activities of daily living, a moderate limitation with regards to social

functioning, and a moderate limitation with regard to concentration, persistence, or

pace. Tr. 63. Dr. Rozenfeld testified that while Plaintiff's contact with the general

public and co-workers should be limited to brief and superficial encounters,

Plaintiff was nevertheless capable of performing simple repetitive work for two

hour intervals so long as he generally dealt with people not things. Tr. 64, 66.

The ALJ gave significant weight to the opinion of Dr. Rozenfeld. Tr. 37.

The ALJ incorporated Dr. Rozenfeld's opined limitations into Plaintiff's ultimate

RFC by limiting Plaintiff to "simple, routine, repetitive tasks" "deal[ing] with

things rather than people" and limiting Plaintiff's interpersonal exposure to "brief

superficial interaction with the public and occasional, superficial interactions with

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 12

coworkers." Tr. 32. Plaintiff has not shown the ALJ erred by failing to incorporate Dr. Rozenfeld's opined limitations into his RFC because, to the contrary, the ALJ expressly incorporated those limitations. The RFC adequately assesses Plaintiff's mental limitations. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008) ("[A]n ALJ's assessment of a claimant adequately captures restrictions related to concentration, persistence, or pace where the assessment is consistent with restrictions identified in the medical testimony.").

### B. Vocational Expert Hypothetical

Plaintiff contends that "the ALJ failed to pose an adequate hypothetical to the vocational expert." ECF No. 12 at 11. Specifically, Plaintiff contends that the hypothetical posed "did not accurately portray the Plaintiff's psychological impairments nor his pain complaints" and "did not take into consideration the Plaintiff's ability to deal with coworkers, his need for breaks during the day or expected absenteeism due to psychologically based symptomatology." *Id.* at 11–12.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). The burden of proof lies with claimants at step four to show "they can no longer perform their past relevant work." *Pinto v. Massanari*, 249 F.3d 840, 844 (9th Cir. 2001). Nevertheless, the ALJ has a duty to

1   identify the "physical and mental demands of the claimant's past relevant work"

2   and compare them to the claimant's RFC.  *Id.* at 844–845.  In making this

3   evaluation, the ALJ may rely upon a vocational expert's testimony so long as the

4   ALJ sufficiently explains the step four analysis and makes specific findings on the

5   record.  *Id.* at 847.  In questioning a vocational expert, it is "proper for an ALJ to

6   limit a hypothetical to those impairments that are supported by substantial evidence

7   in the record."  *Osenbrock v. Apfel*, 240 F.3d 1157, 1165 (9th Cir. 2001).

8          In challenging the ALJ's hypothetical, Plaintiff merely restates his

9   arguments that the ALJ failed to incorporate more severe mental and pain-induced

10  limitations into Plaintiff's RFC.  As discussed above, the Court has rejected those

11  arguments and concluded that that the ALJ incorporated the mental and pain-

12  induced limitations supported by substantial evidence in the record.  The

13  hypothetical the ALJ posed to the vocational expert adequately presented the

14  limitations in Plaintiff's RFC.  Tr. 96–97.  Based upon the vocational expert's

15  opinion, Plaintiff's RFC, and the requirements of work as an electronic assembler,

16  the ALJ concluded that Plaintiff is able to perform past relevant work as an

17  electronic assembler.  Tr. 39.  As such, the ALJ properly concluded that Plaintiff is

18  not disabled as defined within the Social Security Act.  20 C.F.R. §§ 404.1520(f),

19  416.920(f).

20  //

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 14

1    **ACCORDINGLY, IT IS HEREBY ORDERED:**

2        1.  Plaintiff's Motion for Summary Judgment (ECF No. 12) is **DENIED**.

3        2.  Defendant's Motion for Summary Judgment (ECF No. 17) is

4            **GRANTED**.

5        The District Court Executive is hereby directed to file this Order, enter

6    Judgment for Defendant, provide copies to counsel, vacate the hearing set for

7    September 14, 2015 as moot, and **CLOSE** the file.

8        **DATED** July 27, 2015.



10                    THOMAS O. RICE
                    United States District Judge

11

12

13

14

15

16

17

18

19

20

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 15